UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANIER McPHERSON,

        Petitioner,         Case Number: 06-CV-13357

v.        HON. AVERN COHN

SHIRLEY HARRY,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLDING PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Lanier McPherson, presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a *pro se* petition for writ of habeas corpus. Petitioner challenges his convictions for first degree murder, felony firearm, and felon in possession of a firearm. Petitioner raises several claims.

Before the Court is Petitioner's motion to stay proceedings and hold the petition in abeyance in order to "federalize" his claims and "exhaust his new claims."

II.

Petitioner was convicted of first degree murder, felony firearm, and felon in possession of a firearm. Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions. People v. McPherson, No. 242767 (Mich. Ct. App. July 20, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court,

which denied leave to appeal.  People v. McPherson, 472 Mich. 882 (Mich. March 31, 2005).[1]

On July 25, 2006, Petitioner filed his petition, which is signed and dated June 28, 2006.  Petitioner then filed the instant motion to stay proceedings.

III.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  Petitioner admits that he has not yet presented all of his habeas claims in state court.  Petitioner asks the Court stay the petition while he exhausts his state court remedies by filing a motion for relief from judgment in the trial court.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. 408, 416 2005), citing Rhines v. Weber, 544 U.S. 269 (2005).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines, 544 U.S. at 278.

Petitioner says that he has asserted claims which he did not present in state court and that he wishes to return to state court to exhaust those claims.  Under these circumstances, Petitioner has asserted good cause.  In addition, the Court finds that

---

[1] Justices Cavanaugh and Kelly would grant leave to appeal.

these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. See Rhines, 544 U.S. at 277-78. Therefore, the petition will be treated as a "protective" petition. Further proceedings in this matter shall be stayed pending Petitioner's exhaustion of his unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. See id. Further, he must ask the Court to lift the stay within sixty days of exhausting his state court remedies. See id.; Abela v. Martin, 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (internal quotation omitted).

IV. Accordingly, Petitioner's motion to stay proceedings in **GRANTED**. If Petitioner fails to file a motion for relief from judgment with the state trial court within **sixty (60) days** from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a

motion to lift the stay and an amended petition in this Court within **sixty (60) days** after the conclusion of the state court proceedings.  If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **sixty (60) days** thereafter.

To avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED**.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 1, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160