UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANIER MCPHERSON,

       Petitioner,                    Case No. 2:06-CV-13357

v.

                                  HON. AVERN COHN

GREG McQUIGGIN,

       Respondent,

_____/

**ORDER GRANTING RESPONDENT'S MOTION FOR IMMEDIATE CONSIDERATION
AND MOTION FOR STAY PENDING APPEAL (Doc. 24).**

I.

This matter is before the Court on Respondent's Motion for Immediate Consideration and Motion for Stay Pending Appeal.  For the reasons that follow, the motion will be granted.

II.

On July 25, 2011, the Court granted Petitioner a conditional writ of habeas corpus, finding that petitioner's Fifth Amendment right against self-incrimination was violated when the police obtained inculpatory statements from Petitioner after he had repeatedly invoked his right to counsel.  The Court ordered that Petitioner be afforded a new trial without the use of his illegally obtained confession within 90 days or an unconditional writ would issue.  The Court denied Petitioner habeas relief with respect to his remaining claims, but granted a certificate of appealability with respect to those remaining claims.  *McPherson v. McQuiggin,* No. 06-13357, 2011 WL 3027299 (E.D. Mich. July 25, 2011) (Doc. 20).  Respondent filed a notice of appeal.  (Doc. 25).

Respondent now seeks a stay pending appeal.

III.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); Fed. R. App. P. 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to grant a stay, a federal court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton,* 481 U.S. at 777.

Considering the above, a stay is warranted.  Petitioner is a thirty-year-old man who is currently serving a non-parolable life sentence.  Although Petitioner may suffer

2

injury from his continued confinement pursuant to a conviction that the Court has found

to be constitutionally infirm, "it would be a waste of judicial resources for the appeal to

proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to

grant relief to Petitioner." *Williams v. Booker,* 715 F. Supp. 2d 756, 770 (E.D. Mich.

2010).  Accordingly, Respondent's Motion for a Stay Pending Appeal is GRANTED.

       SO ORDERED

_____

       S/Avern Cohn_____
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated:  August 16, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, August 16, 2011, by electronic and/or ordinary mail.

       S/Julie Owens_____
      Case Manager, (313) 234-5160

3